UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SISOMPHONE PHANVONGKHAM and FELICIA NAVARRO,<br><br>Plaintiffs,<br><br>v.<br><br>MELISSA MOULTRIE,<br><br>Defendant. | Case No. 1:16-cv-1032-LJO-BAM<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

Plaintiffs Sisomphone Phanvongkham and Felicia Navarro are proceeding pro se and have been granted leave to proceed in forma pauperis in this action. (ECF Nos. 2, 3). Plaintiffs' initial complaint is currently before the Court for screening.

**A.     Screening Requirement and Standard**

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915(e)(2). Plaintiffs' Complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65

(2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-1123 (9th Cir. 2012), *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949; *Moss*, 572 F.3d at 969.

### B. Summary of Plaintiffs' Allegations

Plaintiffs' allegations in the complaint are unclear, and it is difficult to discern the precise claims Plaintiffs are seeking to raise against the Defendant and the factual allegations that support those claims. For example, at the outset of their Complaint, Plaintiffs treat the Court to a several page discussion about cockroaches, including that:

> In the cockroach's case, as it looked at a video screen depicting the forest, it moved across frictionless, hollow foam ball. As the roach ran, it turned the balls, and two image sensors taken from a computer mouse track the ball's rotations. Those sensors were connected to the VR-controlling computer via USB cable, feeding the roach's movements into the computer system so that the screen changes in sync.

Compl. at pg 2-3.

Despite best efforts, the Court is unable to determine how Plaintiffs musings about computer controlled cockroaches relates to an actual legal claim. Plaintiffs' complaint continues with additional vague and confusing allegations including that:

> That Respondent slumlord Melissa Moultrie landlord properties management for Gsf Properties INC & Co-Partnership (FHA) Fresno Housing Authorities mailed forward back legal court documents of service notice on hearing for "court mint order" against respondents slumlord parties for (3)times (FTA) no appearances time at 8:30am in dept. 401, is guilty of Penal Code 1320.5 failure to appear even though there was no specific court order requiring her to appear. The letter to her lawyer is considered enough to establish that Slumlord "melissa moultrie" was required to appear. ("See also Penal Code 1170(h) PC.("(h)(1) Except as provided in paragraph (3), a felony punishable pursuant to this subdivision where the term is not specified in the underlying offense shall be punishable by a term of imprisonment in a county jail for 16 months, or two or three years." ) § 26. No inference (a) Freedom Act.—

Compl. at pg. 7.

Affording these allegations the most liberal reading possible, Plaintiffs appear to allege that Defendant Melissa Moultrie failed to appear at a hearing in state court causing dismissal of that proceeding, "without prejudice." Complaint at pg. 7.

As stated currently, Plaintiffs' claims can only be characterized as a collection of unrelated statements unaccompanied by actual legal claims. Nonetheless, Plaintiffs will be given an opportunity to amend their complaint. The Court provides the following information below to assist Plaintiffs with filing an amended complaint.

### C. Lack of Jurisdiction

Based on the limited information in the complaint, it appears that the Plaintiffs cannot establish that federal jurisdiction is proper. Federal courts can only adjudicate cases authorized by the United States Constitution and Congress. Generally, this includes cases in which: 1) diversity of citizenship is established (the matter in controversy exceeds $75,000 and is between citizens of different states), 2) a federal question is presented, or 3) the United States is a party. 28 U.S.C. §§ 1331 and 1332; *See also*, *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375 (1994); *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989).

Here, Plaintiffs have not properly alleged diversity of citizenship. Plaintiffs live at 1934 W. Michigan Ave. Fresno, California 93705. Plaintiffs are therefore domiciled in, and are citizens of, the State of California. Plaintiffs, however, have not alleged the citizenship of Defendant

Melissa Moultrie.  Plaintiff must allege the basis for federal jurisdiction.

Moreover, based on the allegations that Defendant may be involved in other litigation in the Fresno County Superior Court, there are no allegations in the Complaint from which the court could infer that the Defendant is not a California citizen.  If this is indeed the case, diversity jurisdiction cannot be established because there is an absence of complete diversity between the parties. Similarly, Plaintiffs have not presented a federal question, or named the United States as a party.  Plaintiffs are advised that any amended complaint must allege facts that establish this Court's jurisdiction.

### D.   Claims Failing to Satisfy Federal Rule of Civil Procedure 8

Plaintiffs' Complaint also does not comply with the standards of Rule 8. It is confusing, convoluted, and fails to set forth the facts in a comprehensible manner. The Complaint fails to clearly articulate the facts giving rise to any claim nor does it specifically identify a constitutional harm inflicted by the Defendant.

Rule 8 of the Federal Rules of Civil Procedure mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1) (emphasis added). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (*quoting Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming a dismissal with prejudice for failure to comply with Rules 8(a) and 8(e), finding that both the original complaint and an amended complaint were "verbose, confusing and conclusory").

In this case, Plaintiffs' complaint does not list any causes of action, nor does it identify any relief requested. Instead, the complaint merely makes an accusation that Defendant willfully failed to appear for a Court date. Thus, the requirements of Rule 8 are not satisfied. In Plaintiffs'

amended complaint, they must clearly allege facts that outline their claims. As noted above, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555. Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. at 1949.

### E.     Rule 10(b)

Rule 10(b) of the Federal Rules of Civil Procedure also requires a plaintiff to state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b). It is not the responsibility of the Court to review a narrative in an attempt to determine the nature of a Plaintiffs' claims. Thus, Plaintiffs' complaint style and formatting fails to comply with Rule 10(b). Plaintiffs' amended complaint must therefore comply with Rule 10(b).

### F.     Rooker-Feldman Doctrine

Finally, it appears that Plaintiffs are attempting to challenge actions occurring in state court through the filing of this action. However, this district court has no authority to review such proceedings of the state courts. *See Rooker v. Fidelity Trust Company*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, (1983). "[L]ower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Medical Planning Services*, 142 F.3d 326, 330 (6th Cir.), *cert. denied*, 525 U.S. 1041, 119 S. Ct. 592, 142 L. Ed. 2d 534 (1998); *see also Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) ("Stated plainly, *Rooker—Feldman* bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims.").

Accordingly, to the extent that Plaintiffs seek Court intervention for actions occurring in

state court, Plaintiffs seek relief this Court cannot provide.

### G. Conclusion and Order

Plaintiffs' complaint fails to assert facts which could establish subject matter jurisdiction, and additionally, it fails to state a cognizable claim for relief. As Plaintiffs are proceeding *pro se*, they will be given a final opportunity to amend their complaint to cure the deficiencies identified above. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiffs may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiffs' constitutional rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, Plaintiffs are advised that an amended complaint supersedes the original complaint. *Lacey*, 693 F.3d at 927. Therefore, Plaintiffs' amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiffs' complaint is dismissed with leave to amend for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted;

2. Within thirty (30) days from the date of service of this order, Plaintiffs shall file a first amended complaint; and

3. **If Plaintiffs fail to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **December 6, 2016**          /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE