UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SISOMPHONE PHANVONGKHAM and FELICIA NAVARRO,<br><br>Plaintiffs,<br><br>v.<br><br>MELISSA MOULTRIE,<br><br>Defendant. | Case No. 1:16-cv-1032-LJO-BAM<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSIAL OF PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>FOURTEEN DAY DEADLINE |

Plaintiffs Sisomphone Phanvongkham and Felicia Navarro are proceeding pro se and have been granted leave to proceed in forma pauperis in this action. (Docs. 2, 3). Plaintiffs' First Amended Complaint is currently before the Court for screening.

## **SCREENING STANDARD**

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915(e)(2). Plaintiffs' Complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65

1

(2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-1123 (9th Cir. 2012), *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949; *Moss*, 572 F.3d at 969.

## **PLAINTIFF'S ALLEGATIONS**

Plaintiffs' First Amended Complaint ("FAC") is extremely difficult to read. *See* "Plaintiffs (ProSe) individual self litigants First Amend Summery Complaints against the same parties, defendant respondent client alt parties REFERENCE to other jurisdiction procedural small claim action appeal division de-novo court trial for defendants respondents alt parties alleged allegation False Claim Action Nature of Suit" (Doc. 9).[1] The allegations contain many incoherent and indecipherable sentences, with little detail about the exact actions of the Defendant.

Despite this, as best the Court can gather, Plaintiffs' allegations concern an eviction dispute in the Fresno County Superior Court. Plaintiffs allege that the sole Defendant, Melissa Moutrie, submitted false evidence in an effort to pursue an unlawful detainer action against Plaintiffs for unpaid rent. Plaintiffs' subsequent eviction or "constructive eviction" therefore amounted to an unlawful or retaliatory eviction. Plaintiffs seek monetary damages in an unspecified amount for the unlawful eviction.

---

[1] All typographical and grammatical errors appear in the FAC, and have not been corrected by the Court.

2

**DISCUSSION**

As an initial matter, the Court must determine whether it has the authority to consider the claims alleged. Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases in which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). To proceed in federal court, Plaintiffs' Complaint must establish the existence of subject matter jurisdiction. Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377, 114 S.Ct. at 1677. Lack of subject matter jurisdiction is never waived and may be raised by the court sua sponte. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594 595 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988), (per curiam), *overruled on other grounds in Partington v. Gedan*, 923 F.2d 686, 688 (9th Cir. 1991) (en banc). There are two bases for original federal subject matter jurisdiction: 1) diversity jurisdiction and 2) federal question jurisdiction.

Here, Plaintiffs do not specify which theory they are proceeding on, federal question or diversity jurisdiction. However, a review of the First Amended Complaint reveals it should be dismissed for lack of subject matter jurisdiction under both theories.

**A.  No Diversity Jurisdiction**

First, Plaintiffs have not shown that the Court has diversity jurisdiction over this matter. Plaintiffs dispute centers around their listed residence located at 1934 W. Michigan Ave. Fresno, California 93705. Plaintiffs are therefore domiciled in, and are citizens of, the State of California. On the civil cover sheet, Plaintiffs list Defendant Melissa Moultrie's county of residence as "Fresno." Despite this clear indication on the civil cover sheet that Defendant is a California resident for the purposes of this suit, the Court previously provided Plaintiffs an opportunity to clarify Defendant's citizenship for the purposes of this action. However, Plaintiffs have not alleged any further facts in the FAC to aid the Court in the conclusion that Defendant is not a

California resident. "A plaintiff suing in federal court must show in [her] pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if [s]he does not do so, the court . . . on discovering the [defect], must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), a*brogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010) (quotation omitted); *see also* Fed. R. Civ. P. 8(a)(1). Plaintiffs have therefore not alleged that the parties' citizenship is completely diverse.

Further, based on the allegations in the FAC, there is nothing from which the Court could infer that the Defendant is not a California citizen. Defendant is described in the FAC as the "landlord for gsf properties," the owner of Plaintiffs' residence. (Doc. 9 at 5). Defendant therefore appears to be a citizen of California, and complete diversity does not exist. *See* 28 U.S.C. § 1332 (diversity jurisdiction is established when there is complete diversity of the parties and when the amount in controversy exceeds $75,000); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("Complete diversity" of citizenship exists only when "each defendant is a citizen of a different [s]tate from each plaintiff." (emphasis in original)); *Dolch v. United Cal. Bank*, 702 F.2d 178, 181 (9th Cir. 1983).

Finally, Plaintiffs' FAC fails to allege an amount in controversy. While Plaintiffs seek "general damages" no less than "$50,000" and "such other and further relief as the Court deems just and proper," this does not establish that the amount in controversy exceeds $75,000.00. (Doc. 9 at 11).

Given the civil cover sheet and Plaintiffs' failure to indicate otherwise, Plaintiffs have not met their burden to establish that diversity jurisdiction exists here. *Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990).

**B.  No Federal Question Jurisdiction**

Plaintiffs' FAC also fails to allege a legitimate ground for federal question jurisdiction. Although Plaintiffs generally allege that this suit arises under the False Claims Act, in a False Claims Act case, the plaintiff must file the suit in the name of the government. 31 U.S.C §

3730(b)(1).[2] *Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1129 (9th Cir. 2007) (quoting 31 U.S.C. § 3729(a)(1)). A False Claims Act suit enables a plaintiff, as a relator, to sue on behalf of the government to impose liability on citizens or corporations who defraud the government. 31 U.S.C § 3730(b). Under this statute, private persons who attempt to initiate such a suit are not actually plaintiffs but rather are deemed relators, and because relators lack a personal interest in False Claims Act qui tam actions, a Plaintiff cannot proceed without counsel. *Stoner*, 502 F.3d at 1120. Therefore, even if Plaintiffs could establish the elements of a False Claims Act case as a relator—and they have not come close to doing so—they would be unable to prosecute that case on a *pro se* basis.[3] *Id.* ("Because qui tam relators are not prosecuting only their "own case" but also representing the United States and binding it to any adverse judgment the relators may obtain, we cannot interpret § 1654 as authorizing qui tam relators to proceed pro se in FCA actions.").

This claim is therefore wholly insubstantial to confer federal question jurisdiction. *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012) ("a federal court may dismiss a federal question claim for lack of subject matter jurisdiction" where the claim is "wholly insubstantial and frivolous'") (*quoting Bell v. Hood*, 327 U.S. 678, 682-83 (1946)).

**C.     *Rooker-Feldman* Doctrine**

Finally, despite the largely incoherent nature of the FAC, it is readily apparent that Plaintiffs are challenging a judgment resulting from state eviction proceedings. Plaintiffs are seeking a review of the procedures and determinations made by the state court in the course of the

---

[2] "Under the False Claims Act ("FCA"), '[a]ny person' who, among other things, 'knowingly presents, or causes to be presented, to an officer or employee of the United States Government ... a false or fraudulent claim for payment or approval' is liable to the Government for a civil penalty, treble damages, and costs." *Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1120 (9th Cir. 2007) (quoting 31 U.S.C. § 3729(a)(1))

[3] Even assuming Plaintiffs could proceed *pro se* on behalf of the government, the FAC fails to state a claim under the False Claims Act for two reasons. First, Plaintiffs' claims do not fall within the scope of the False Claims Act because they assert allegations in a private capacity against a private entity. *See, e.g., Williams v. Bank of Am.*, No. 2:12-cv-2513 JAM AC PS, 2013 U.S. Dist. LEXIS 65216, 2013 WL 1906529, at *3 (E.D. Cal. May 7, 2013); *David v. GMAC Mortg.*, No. C 11-6320 PJH, 2012 U.S. Dist. LEXIS 33674, 2012 WL 851506, at *1 (N.D. Cal. Mar. 13, 2012). Second, conclusory assertions that Defendant "offer[ed] false evidence" does not satisfy the heightened pleading requirements for claims brought under the False Claims Act. *See U.S. ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1051 (9th Cir. 2001) (holding that complaints brought under the False Claims Act are subject to the heightened pleading standard under Rule 9(b)); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) (explaining that "statements of the time, place and nature of the alleged fraudulent activities are sufficient" to satisfy Rule 9(b), but "mere conclusory allegations of fraud are insufficient").

state court suit, or matters inextricably intertwined with the state court judgment. As discussed in the order dismissing Plaintiffs' initial complaint, the *Rooker-Feldman* doctrine, derived from two United States Supreme Court opinions, provides that federal district courts may not exercise appellate jurisdiction over state court final judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Bennett v. Yoshina*, 140 F.3d 1218, 1223 (9th Cir. 1998) (as amended). This district court therefore has no authority to review such proceedings of the state courts. *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858-59 (9th Cir. 2008) (federal district courts have no authority to directly or indirectly review state court decisions) (citing the "*Rooker-Feldman*" doctrine); *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012) ("[t]he doctrine bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal, but also over the 'de facto equivalent' of such an appeal").

Plaintiffs' remedy, having lost their case at the state court level, was to seek review by through appropriate appeals, and then possibly, to the United States Supreme Court. *Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 606 (9th Cir. 2005) ("state court litigants may therefore only obtain federal review by filing a petition for a writ of certiorari in the Supreme Court of the United States"). Therefore, even if the Court otherwise had subject matter jurisdiction based on diversity or federal-question, the *Rooker-Feldman* doctrine bars this Court from exercising subject matter jurisdiction over this matter because it is a *de facto* appeal from the state court's judgment entered against Plaintiffs.

For the reasons outlined above, the First Amended Complaint fails to state a claim arising under federal law, and the parties are not diverse. Therefore, the Court concludes that it lacks subject matter jurisdiction and that the action is subject to dismissal.

## **CONCLUSION AND RECOMMENDATION**

The Court has carefully considered whether further leave to amend should be granted. However, the Court has already previously provided Plaintiffs with notice of the above-mentioned deficiencies and an opportunity to cure them, which Plaintiffs have been unable to do. *See Western Shoshone Nat. Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991) (holding that a

party's prior amendment of the complaint weighed against granting further leave to amend), *cert. denied*, 506 U.S. 822 (1992). Further, given the nature of the allegations here, nothing suggests that allowing Plaintiffs another opportunity to amend will enable them to correct the defects described above. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("[W]e have held that a district court does not abuse its discretion in denying a motion to amend where the movant presents no new facts . . . and provides no satisfactory explanation for his failure to fully develop his contentions originally.") (*citing Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990)). The Court finds that further leave to amend would be futile, and recommends that the action be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000). However, such dismissal should be without prejudice, providing Plaintiffs with an opportunity to pursue any potential state law claims in state court, if viable.

Accordingly, IT IS HEREBY RECOMMENDED:

1. Plaintiffs' First Amended Complaint be DISMISSED; and
2. The Clerk of the Court be directed to close this matter.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, Plaintiffs may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiffs are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 12, 2017**          /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE