UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SISOMPHONE PHANVONGKHAM and FELICIA NAVARRO,<br><br>Plaintiffs,<br><br>v.<br><br>MELISSA MOULTRIE,<br><br>Defendant. | Case No. 1:16-cv-01032-LJO-BAM<br><br>ORDER CONSTRUING PLAINTIFFS' NOTICE AS A MOTION FOR RECONSIDERATION<br><br>ORDER DENYING RECONSIDERATION PURSUANT TO Fed R. Civ. P. 59(e) and 60(b).<br><br>(ECF No. 14). |

This action, now closed, was filed by pro se Plaintiffs' Sisomphone Phanvongkham and Felicia Navarro. On April 12, 2017, the Magistrate Judge issued Findings and Recommendations recommending that Plaintiffs' First Amended Complaint be dismissed for lack of subject matter jurisdiction. (ECF No. 10). Plaintiffs' filed untimely objections to the Findings and Recommendations on May 2, 2017. (ECF No. 11). Following consideration of Plaintiffs' objections, the undersigned adopted the Findings and Recommendations. (ECF No. 12). On June 9, 2017, judgment was entered and this action was closed. (ECF No. 13).

Plaintiffs' "Pro Se Notice of Motion Other Paper Drawing Into Question IOF [sic] A State & Federal Statute" is now pending before the Court. (ECF No. 14). Although somewhat unclear, Plaintiffs' Motion appears to request review of the Court's order dismissing this case. As the Findings and Recommendations have been adopted and final judgment entered, the Court will construe Plaintiffs' filing as a motion for reconsideration.

The Court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60(b). Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.,* 248 F.3d 892, 898-99 (9th Cir. 2001) (discussing

| | |
|---|---|
| 1 | reconsideration of summary judgment). The motion must be filed no later than twenty-eight days |
| 2 | after entry of the judgment. *See* Fed. R. Civ. P. 59(e). Under Rule 59(e), three grounds may |
| 3 | justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new |
| 4 | evidence; or (3) the need to correct clear error or prevent manifest injustice. *See Allstate Ins. Co.* |
| 5 | *v. Herron,* 634 F.3d 1101, 1111 (9th Cir. 2011). |

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on, among other things: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within twenty-eight days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. A motion for reconsideration on any of these grounds must be brought within a reasonable time and no later than one year of entry of judgment or the order being challenged. *See* Fed.R.Civ.P. 60(c)(1).

Plaintiffs' motion for reconsideration is untimely. Plaintiffs filed their request for reconsideration beyond the 28 day time period allowed by Rule 59(e). Judgment was entered on June 9, 2017. Plaintiffs' Motion was not signed nor received by the Court until July 10, 2017. (ECF No. 14). However, if the Court were to consider the merits of Plaintiffs' Motion, Plaintiffs have not provided the Court with any intervening change in controlling law, new evidence, or clear error. Nor have Plaintiffs set forth any argument which would allow the Court to reconsider the entry of final judgment based on a mistake, inadvertence, surprise, or excusable neglect. Instead, Plaintiffs' Motion advances frivolous and nonsensical arguments, none of which demonstrate that Plaintiffs are entitled to relief from judgment.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' motion for reconsideration (ECF No. 14) is DENIED.

IT IS SO ORDERED.

Dated: **March 8, 2018**      /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

2